UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

NICHOLAS B. JAREMKA,

                        Plaintiff,

          v.                             DECISION AND ORDER
                                            05-CV-0367A

U.S. GOV. DEPT. VETERANS AFFAIRS,
WILLIAM FEELEY, and
TERESA SWITEK,

                        Defendants.

_____

## INTRODUCTION

Plaintiff Nicholas B. Jaremka filed the instant action, *pro se*, on May 23,

2005, alleging that he was discriminated against with respect to his federal employment

with the United States Department of Veterans Affairs("VA"), in violation of Title VII of

the Civil Rights Act of 1964, as amended, § 2000(e) et seq. ("Title VII"), and the

Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112-12117

(amended by the Civil Rights Act of 1991) ("ADA").[1]  Named as defendants in this

action are the "U.S. Gov. Dept. Veterans Affairs," William Feeley and Teresa Switek.

The defendants have moved to dismiss the action pursuant to Rule 12(b)(1), (2), (5)

_____

[1]       The United States and its agencies are not subject to suit under the ADA.  Any claims alleging discrimination based on disability may only be brought pursuant to the Rehabilitation Act of 1973, 29 U.S.C. § 791 et seq. ("Rehabilitation Act").  The Court construes the plaintiff's *pro se* complaint to attempt to assert a claim under the Rehabilitation Act.

and (6) of the Federal Rules of Civil Procedure, based on: (1) lack of jurisdiction over the subject matter and persons; (2) failure to effect proper service of process; and (3) failure to state a claim upon which relief may be granted.

## DISCUSSION

1.    *Failure to Name Proper Party Defendant*

Pursuant to Title VII, 42 U.S.C. § 2000(e)-16(c), an individual claiming discrimination in federal employment may, after exhausting administrative procedures, "file a civil action . . . in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant."  42 U.S.C. § 2000(e)-16(c).  The same procedural requirements apply to suits alleging employment discrimination pursuant to the Rehabilitation Act.  Torres v. U.S. Dept. of Veteran Affairs, 2004 WL 691237 at *2 (S.D.N.Y Mar. 31, 2004) (citing Edinboro v. Dept. of Health and Human Services, 704 F.Supp. 364, 365 (S.D.N.Y. 1988)).  The agency itself or its employees, including supervisors, are not subject to suit under Title VII or the Rehabilitation Act.  Id.; see also Mitchell v. Chao, 358 F.2d Supp. 106, (N.D.N.Y. 2005) (citing Meiri v. Dacon, 607 F.Supp. 22, 23 (S.D.N.Y. 1984), aff'd., 759 F.2d 989 (2d Cir. 1985)).  Therefore, in an action alleging employment-related discrimination at the Department of Veteran Affairs, the only proper party defendant is the head of the department itself.  Id.; Leget v. Henderson, 2001 WL 43615 at *4 (S.D.N.Y. Jan. 18, 2001); Nobriga v. Dalton, 1996 WL 294354 at *2 (E.D.N.Y. May 28, 1996).

The instant complaint does not name the Secretary of the Department of

Veterans Affairs as the defendant in this action.  Instead, it names two individual VA employees, William Feeley and Teresa Switek, as well as the agency itself, as the defendants.  As such, dismissal of the complaint is warranted pursuant to Rule 12(b)(1), 12(b)(2), and 12(b)(6), based on the Court's lack of subject matter jurisdiction over the action, personal jurisdiction over the named defendants, and plaintiff's failure to name a party as against whom any relief may be granted.


**2.**     *Failure to Effectuate Proper Service*

Even if a claim of discrimination under Title VII and the Rehabilitation Act could be asserted against individual employees at the VA, plaintiff has failed to effectuate proper service on either Feeley or Switek, depriving the Court of jurisdiction over these individuals.  Plaintiff has failed to provide proof of proper service upon either Feeley or Switek.  Moreover, based on information provided by the VA, the only service attempted on either individual, was the sending by regular mail of a copy of a summons and complaint with a request for waiver of judicial process.  Such procedures fail to comport with the service requirements set forth in Rule 4(I) and Rule 4(e)of the Federal Rules of Civil Procedure, governing service on officers or employees of the United States.

## **CONCLUSION**

For the reasons stated, the Court grants defendants' motion to dismiss. The Clerk of Court shall take all steps necessary to close the case.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3),  that any appeal from this Decision and Order would not be taken in good faith and therefore denies leave to appeal as a poor person.  Coppedge v. United States, 369 U.S. 438 (1962).  Any further requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

s/ *Richard J. Arcar*a
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED:  September 3, 2007